UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARON ROBINSON                                          CIVIL ACTION

VERSUS

SALLY BEAUTY SUPPLY, LLC                                 NO. 17-172-JWD-RLB

## ORDER

Before the Court is Defendant's Motion to Exclude Plaintiff's Experts (R. Doc. 16) filed on July 16, 2017. The motion is opposed. (R. Doc. 18).

## I.   Background

Sharon Robinson ("Plaintiff") commenced this action on February 27, 2015 in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as the sole defendant Sally Beauty Supply, LLC ("Defendant"). (R. Doc. 1-2, "Petition"). Plaintiff alleges that on or about December 31, 2014, she slipped and fell while shopping at Defendant's store in Zachary, Louisiana. (Petition, ¶ 3).

On June 9, 2015, Plaintiff responded to written discovery propounded by Defendant. (R. Doc. 16-2). In response to an interrogatory, Plaintiff asserted that "as a direct result of the subject accident she suffers or has suffered from the following symptoms: Left arm pain, left shoulder pain, neck, lower back pain and left leg pain." (R. Doc. 16-2 at 69). In response to another interrogatory, Plaintiff identified the following treating physicians and/or healthcare provides: Oschner ER; Dr. Anthony Ioppolo, Pain Management Clinic; Field Memorial Hospital; Dr. Pradeep K. Selvaraj, FMCH/Catching Clinic; and Bluebonnet Imaging Center. (R. Doc. 16-2 at 69).

On February 21, 2017, Plaintiff demanded $93,200 for "full and final settlement" of her claims. (R. Doc. 7-2). The settlement demand asserted that Plaintiff suffered the following injuries as a result of the incident: sprain and strain of her hip, thigh, shoulder, and upper arm; contusions to her face, scalp, and neck; lower back, neck, and left leg pain; and disc herniation at C3-C4. (R. Doc. 7-2 at 2). The settlement demand asserted that Plaintiff has underwent cervical ESI injections, a "dorsal lumbar" medial branch block, and a "lumbar dorsal" medial branch radiofrequency ablation. (R. Doc. 7-2 at 2). At the time the settlement demand was made, Plaintiff had incurred $36,561.19 in medical expenses. (R. Doc. 7-2 at 3).

On March 22, 2017, Defendant removed the action in light of the representations regarding the amount in controversy made by Plaintiff in the foregoing settlement demand and at a deposition. (R. Doc. 1). Plaintiff moved to remand the motion for lack of diversity jurisdiction. (R. Doc. 3). The Court denied the motion to remand. (R. Docs. 12, 15).

On May 30, 2017, the Court issued a Scheduling Order setting the deadlines in this action based upon recommendations of the parties. (R. Doc. 14). Among other things, the Court set the deadline for Plaintiff to disclose the identities and resumes of her experts on July 10, 2017; the deadline for Defendant to disclose the identities and resumes of its experts on August 10, 2017; the deadline for Plaintiff to submit any expert reports to Defendant on August 28, 2017; the deadline for Defendant to submit any expert reports to Plaintiff on September 11, 2017; and for expert discovery to close on October 11, 2017. Trial is set to commence on September 10, 2018.

On July 10, 2017, Plaintiff's counsel faxed a letter to defense counsel stating, in relevant part, the following: "Today is the deadline to turn over our expert witness lists. I will not be introducing any experts beyond the Healthcare providers that treated Mrs. Robinson for her injuries. You have their credentials and records from prior discovery." (R. Doc. 16-2).

On July 16, 2017, Defendant filed the instant Motion, which seeks an order excluding Plaintiff's treating physicians from testifying at trial on the basis that Plaintiff did not timely and properly disclose her treating physicians as experts pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. (R. Doc. 16).

Plaintiff represents that she provided the requisite information on July 18, 2017. (R. Doc. 18 at 7).

## II. Law and Analysis

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (applying factors to determine whether district court abused its discretion in striking testimony).

3

There are two types of testifying experts who must be disclosed pursuant to Rule 26—witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B). Furthermore, expert disclosures must be made "at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Where an expert witnesses "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). There is no dispute that Plaintiff did not provide specific expert disclosures accompanied by resumes as required by the Court's scheduling order. Instead, Plaintiff's counsel asserted in the expert disclosure that Plaintiff would be introducing her "Healthcare providers" as experts, further stating that defense counsel had "their credentials and records from prior discovery." (R. Doc. 16-2). Plaintiff further asserts in her Opposition that "medical records and chart notes for both Dr. Anthony

4

Ioppola and Dr. Sean Graham" had been provided to Defendant during discovery in state court. (R. Doc. 18 at 5).

It appears that Plaintiff identified Dr. Anthony Ioppola and Dr. Sean Graham as treating physician experts in a supplemental disclosure sent to defense counsel two days after the instant motion was filed. (R. Doc. 18 at 7). Because Plaintiff did not submit a copy of the supplemental disclosure with her Opposition, it is unclear whether Plaintiff has specifically identified the "subject matter" on which each of these treating physicians is expected to testify, and whether the supplemental disclosure provides "a summary of the facts and opinions" to which each of these treating physicians is expected to testify. Proper designation of a treating physician as a testifying expert pursuant to Rule 26(a)(2)(C) requires production of "an actual summary of the facts and opinions to which the witness is expected to testify." *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)).

The Court will turn to each of the appropriate factors in determining whether to allow Plaintiff an extension of the deadline to disclose experts pursuant to Rule 26(a)(2)(C): (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.

The first factor weighs against Plaintiff. Plaintiff has not satisfactorily explained why she did not specifically and properly disclose her treating physicians as experts within the deadlines provided by the Court.

The second and third factors, however, weigh in favor of Plaintiff. Plaintiff did not wholly ignore her duty to disclose the treating physicians as experts, even though the execution

of the disclosure was deficient.  It is hard to see any prejudice to Defendant.  Plaintiff represents that her counsel provided the information required by Rule 26(a)(2)(C) within two days of the filing of this motion, and within eight days of the deadline to disclose experts.  Defendant's own deadline to disclose experts has not yet expired.  Even if Defendant was slightly prejudiced by the insufficiency of the initial disclosure, there is clearly time to cure such prejudice by granting a continuance.  Indeed, the close of expert discovery is more than two months away, and trial is not set to commence for over one year.

The final factor also favors Plaintiff.  Without allowing Plaintiff to designate her treating physicians as experts pursuant to Rule 26(a)(2)(C), their testimony will be limited to lay testimony regarding their treatment of the Plaintiff.  This may lead to jury confusion.  As testifying experts pursuant to Rule 26(a)(2)(C), these treating physicians will be able to testify regarding facts or data obtained or observed in the course of the sequence of events giving rise to the litigation and opinions based on such facts and data. *LaShip, LLC v. Hayward Baker, Inc*., 296 F.R.D. 475, 480 (E.D. La. 2013); *see Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); *Knorr v. Dillard's Store Servs. Inc.*, No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).  Such expert testimony is undoubtedly important to Plaintiff.

Given the record, the Court finds good cause for granting Plaintiff an extension of the deadline to properly identify her treating physicians as experts solely for the purpose of Rule 26(a)(2)(C) up to July 18, 2017, the date on which Plaintiff represents she provided the required disclosures.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Exclude Plaintiff's Experts (R. Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to disclose her treating physicians as experts pursuant to Rule 26(a)(2)(C) is extended to July 18, 2017.

Signed in Baton Rouge, Louisiana, on August 1, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**